J-S56044-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                      :                PENNSYLVANIA
                                        :
                    v.                      :
                                          :
                                          :
MAX C. STINE                             :
                                          :
               Appellant        :     No. 1851 EDA 2019

Appeal from the PCRA Order Entered May 29, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0005987-2013

BEFORE: PANELLA, P.J., OLSON, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:           **FILED DECEMBER 10, 2019**

Appellant Max C. Stine appeals *pro se* from the order dismissing his untimely first petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Appellant claims that the abandonment of prior counsel provides an exception to the PCRA's time-bar. We affirm.

The PCRA court set forth the relevant facts of this appeal as follows:

[Appellant] was sentenced on September 18, 2014 following his conviction for first-degree murder, two counts of aggravated assault, two counts of recklessly endangering another person, and possessing an instrument of a crime. Those convictions were a result of the shooting death of Jesus Mendoza. On July 11, 2011, [Norristown Borough Police Officer Michael] Bishop hear[d] automatic gunfire while responding to another call. Upon his arrival [at] the location of the gunfire, he found [Mendoza] unresponsive, bleeding, and clutching a knife in his hand. Mr. Mendoza died of multiple gunshot wounds. Twenty-six shell casings were recovered from the scene and were [an] "AK type of ammunition." [Appellant] had been at a party at Paul Hernandez's apartment when Hernandez was involved in an altercation with a group of men. [Appellant] was informed of the altercation and

retrieved an AK-47 weapon from his vehicle. When Hernandez saw Mendoza later that night, he went to confront him with a knife, but before the men could physically engage, shots were fired and Mendoza collapsed. [Appellant] was seen with the AK-47 before Hernandez helped [Appellant] dispose of the gun. Two bystanders, who were witnesses, were injured by stray gunfire.

Following his conviction, [Appellant] filed a direct appeal and the Superior Court affirmed on July 21, 2016. Thereafter, [Appellant] failed to file a Petition for Allowance of Appeal to the Pennsylvania Supreme Court. On October 3, 2017, [Appellant] sent a letter to [the trial judge] asking that a new attorney be appointed "for my appeal." On or about October 18, 2018, [Appellant] wrote another letter to the [c]ourt seeking a new attorney for his appeal because he claimed his current attorney would not speak to him. On November 8, 2018, [Appellant] sent another letter to the [c]ourt stating "I'm at my PCRA right now." No PCRA [petition] had been filed at that time. [Appellant] again requested a new attorney. Finally, on December 31, 2018, [Appellant] sent [the c]ourt a letter stating he had been abandoned by his attorney, that his PCRA was time barred, and that he "needed his appeal rights back." The court construed that letter as a request for some form of relief possibly cognizable under the PCRA, and appointed [PCRA] counsel [on January 17, 2019]. On May 1, 2019, [PCRA] counsel . . . filed a **Finley**[1] Letter and Petition to Withdraw as Counsel. On May 2, 2019, [the PCRA c]ourt [granted PCRA counsel's request to withdraw and] filed its Notice of Intent to Dismiss, and on May 29, 2019, following a response, [the PCRA c]ourt dismissed the Petition.

PCRA Ct. Op., 7/16/19, at 1-2 (footnote omitted).

Appellant timely filed a *pro se* notice of appeal, which was postmarked on June 10, 2019. On July 11, 2019, Appellant timely filed a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The PCRA court filed a responsive opinion on July 16, 2019. The PCRA court

---

[1] **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

concluded that prior counsel did not abandon Appellant, and Appellant's own inaction resulted in his failure to file a timely PCRA petition.

Appellant now raises one question for our review:

Was counsel ineffective for failing to file a timely PCRA petition after advising Appellant that he would file the same, resulting in the loss of Appellant's appeal rights?

Appellant's Brief at 4 (full capitalization omitted).

Appellant contends that he received appointed counsel for his direct appeal.[2]  *Id.* at 6.  After this Court affirmed the judgment of sentence, Appellant insists that direct appeal counsel promised to "file a counseled PCRA petition on [Appellant's] behalf, and that [Appellant] should have his family provide [direct appeal counsel] with a list of character witnesses that [direct appeal counsel] could use in perfecting the PCRA" petition.  *Id.* at 6-7. Although his family provided the list of character witnesses, Appellant claims that direct appeal counsel subsequently abandoned him, refusing to respond to any correspondence.  *Id.* at 7.  Appellant asserts that he did not learn about direct appeal counsel's failure to file a PCRA petition until after the PCRA court appointed new counsel.  *Id.*

Appellant argues that "[a]lthough [direct appeal counsel] was not appointed or retained to file a PCRA petition, he nonetheless was required to do the same after he made the specific promise to Appellant that he would." *Id.*  Appellant further argues that direct appeal counsel's "failure to file

_____

[2] Specifically, the trial court appointed Francis M. Walsh, Esq. to represent Appellant on May 29, 2015.

Appellant's first PCRA petition constituted ineffectiveness *per se*, as it completely deprived [Appellant] of any consideration of his collateral claims under the PCRA." ***Id.*** at 8. Appellant relies on ***Commonwealth v. Bennett***, 930 A.2d 1264 (Pa. 2007), for the proposition that counsel's abandonment can constitute a newly discovered "fact" and trigger an exception to the PCRA's time-bar. ***Id.*** Based upon the foregoing, Appellant maintains that this Court must vacate the order dismissing his PCRA petition and remand the matter "to permit Appellant the opportunity to file a timely PCRA petition." ***Id.*** at 9.

Our standard of review for the dismissal of a PCRA petition is limited to "whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error." ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa. Super. 2014) (citation omitted).

It is well-settled that "the timeliness of a PCRA petition is a jurisdictional [pre]requisite." ***Commonwealth v. Brown***, 111 A.3d 171, 175 (Pa. Super. 2015) (citation omitted). "A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final." ***Id.*** (citation omitted). "A judgment is deemed final 'at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.'" ***Id.*** (quoting 42 Pa.C.S. § 9545(b)(3)).

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final only if the petitioner pleads and proves one of the following three statutory exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). "Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[3]

In **Bennett**, the Pennsylvania Supreme Court held that the abandonment of a client by counsel constitutes a "fact" within the meaning of Section 9545(b)(1)(ii). **Bennett**, 930 A.2d at 1274. For purposes of Section 9545(b)(1)(ii), abandonment means the complete deprivation of the petitioner's right to review by a court. **See Commonwealth v. Peterson**, 192 A.3d 1123, 1131 (Pa. 2018). Further, **Bennett** does not relieve a

---

[3] On October 24, 2018, the General Assembly amended Section 9545(b)(2), and extended the time for filing a petition from sixty days to one year from the date the claim could have been presented. **See** 2018 Pa. Legis. Serv. Act 2018-146 (S.B. 915), effective December 24, 2018. The amendment applies only to claims arising one year before the effective date of this section, December 24, 2017, or thereafter.

petitioner from exercising due diligence when discovering the fact of counsel's abandonment. *See Bennett*, 930 A.2d at 1274.

Instantly, the PCRA court determined that Appellant's December 31, 2018 *pro se* letter constituted an untimely first PCRA petition, and Appellant could not overcome the PCRA's time-bar:

> [Appellant] had until August 20, 2017 to file his PCRA petition, or one year from the date his judgement of sentence became final. [Appellant] sent his first letter to the [PCRA c]ourt on October 3, 2017. Even if that letter could be construed as a PCRA [petition], . . . it would be time barred. [Appellant's] letter of December 31, 2018, which contained a request for relief possibly cognizable under the PCRA was thus much too late. Consequently, the petition was facially untimely.
>
> \* \* \*
>
> [Appellant] claims in his letters to [the PCRA c]ourt that he was abandoned by counsel. . . . Such claims are belied by letters attached as Exhibit D and E to PCRA [c]ounsel's Petition to Withdraw as Counsel and *Finley* Letter. Exhibit D is [a letter from Appellant to direct appeal counsel, containing] negotiations over the content of what [Appellant] wishes direct appeal counsel to include in his PCRA [petition], and the letter also asks counsel to amend [Appellant's] PCRA [petition]. This letter is dated November 8, 2018, well outside the [period for filing a timely PCRA petition].
>
> \* \* \*
>
> Further, direct appeal counsel's [December 7, 2018] response to that letter, in Exhibit E, memorializes an agreement that direct appeal counsel would file a PCRA [petition] if he received a list of character witnesses from [Appellant's] mother. When [Appellant] failed to provide those witnesses until after the PCRA [petition] was time barred, direct appeal counsel informed [Appellant's] family that no PCRA [petition] could be filed. Thus, [Appellant's] own failures led to the failure to file a PCRA petition, not those of counsel.

PCRA Ct. Op. at 4-5 (citation omitted).

Our review of the record, including PCRA counsel's *Finley* letter, confirms the PCRA court's findings. Contrary to Appellant's assertions, direct appeal counsel did not abandon him. Rather, Appellant and direct appeal counsel exchanged letters in 2018. Significantly, direct appeal counsel's December 2018 letter informed Appellant that (1) he had requested a list of character witnesses from Appellant in June 2017; (2) Appellant's mother did not provide the list until January 2018; and (3) counsel subsequently informed Appellant's father that "we lacked jurisdiction to file a PCRA" petition.[4] *See* Pet. to Withdraw as Counsel, 5/1/19, at Ex. E. Therefore, the record belies Appellant's assertion of abandonment, and Appellant does not have a basis to invoke Section 9545(b)(1)(ii). *See Peterson*, 192 A.3d at 1131; *Bennett*, 930 A.2d at 1274. Accordingly, the PCRA court did not err in dismissing Appellant's petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/10/19

---

[4] Direct appeal counsel also advised Appellant to consider filing a *habeas corpus* petition in federal court. *See* Pet. to Withdraw as Counsel at Ex. E.